AO 241 (Rev. 5/85)

**PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

**United States District Court**

District: Massachusetts

| Name | Prisoner No. | Case No. |
|------|--------------|----------|
| Rolando Rodriguez | W65630 | |

Place of Confinement: S.B.C.C. P.O. BOX 8000 Shirley, MA. 01464

Name of Petitioner (include name under which convicted): Rolando Rodriguez

V.

Name of Respondent (authorized person having custody of petitioner): Lois Russo, Superintendent

The Attorney General of the State of: Massachusetts

05-11521 RCL

**PETITION**

1. Name and location of court which entered the judgment of conviction under attack  Suffolk Superior Criminal Court, Three Pemberton Square, Boston, MA. 02108

2. Date of judgment of conviction  November 25, 1998

3. Length of sentence  life without parole 1st Degree

4. Nature of offense involved (all counts)  Armed Robbery and Felony Murder
   265 17     265 01

5. What was your plea? (Check one)
   (a) Not guilty  [XX]
   (b) Guilty  ☐
   (c) Nolo contendere  ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury  [XX]
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes [X]  No ☐

8. Did you appeal from the judgment of conviction?
   Yes [X]  No ☐

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court __Supreme Judicial Court  # 08128__

   (b) Result __Affirmed__

   (c) Date of result and citation, if known __August 19, 2002__

   (d) Grounds raised __(6) Six Grounds raised. Jury instruction on the presumption of innocence. Jury instruction on the evaluation of expert witness testimony. Curative instruction. Closing argument. Ineffective counsel. Miscarriage of Justice.__

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

   (1) Name of court __N/A__

   (2) Result _____

   (3) Date of result and citation, if known _____

   (4) Grounds raised _____

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

   (1) Name of court __N/A__

   (2) Result _____

   (3) Date of result and citation, if known _____

   (4) Grounds raised _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal? Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court __Suffolk Superior Court__

   (2) Nature of proceeding __Motion for reduction in verdict or New Trial pursuant to Mass.R.Crim.P. 25 (b)(2)__

   (3) Grounds raised __The verdict was against the weight of the evidence, and that there was insufficient evidence for felony murder.__

(3)

AO 241 (Rev. 5/85)

   (4) Did you receive an evidentiary hearing on your petition, application or motion?
      Yes ☐  No ☒

   (5) Result __See Exhibit F.  CPCS did not assign counsel.__

   (6) Date of result __MAY 31, 2005__

(b) As to any second petition, application or motion give the same information:

   (1) Name of court __N/A__

   (2) Nature of proceeding _____

   (3) Grounds raised _____

   (4) Did you receive an evidentiary hearing on your petition, application or motion?
      Yes ☐  No ☒

   (5) Result _____

   (6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
   (1) First petition, etc.    Yes ☒  No ☐
   (2) Second petition, etc.  Yes ☐  No ☒

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
   CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241 (Rev. 5/85)

 For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

 Do not check any of these listed grounds. *If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.*

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: _____See attached_____

Supporting FACTS (state *briefly* without citing cases or law) _____

B. Ground two: _____See attached_____

Supporting FACTS (state *briefly* without citing cases or law): _____

(5)

AO 241 (Rev. 5/85)

C. Ground three: _____ See attached _____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

D. Ground four _____ See attached _____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☐    No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing ___George Murphy, Esq.,___

    (b) At arraignment and plea ___George E. Murphy, Jr. Esq.___

(6)

AO 241 (Rev. 5/85)

(c) At trial _____ George E. Murphy, Jr. Esq. _____

(d) At sentencing _____ George E. Murphy, Jr. Esq. _____

(e) On appeal _____ Maxine Sushelsky, P.O. BOX 382427, Cambridge, MA. 02238-2427 _____

(f) In any post-conviction proceeding _____ N/A _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____
N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
    Yes ☒   No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐   No ☒
    (a) If so, give name and location of court which imposed sentence to be served in the future: _____
    N/A

    (b) Give date and length of the above sentence: _____
    N/A

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐   No ☒

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____ N/A _____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_____ 7/13/05 _____
(date)

_____ [signature] _____
Signature of Petitioner

(7)

**GROUND ONE**

Supporting Facts (without citing cases or law)

> THE JURY INSTRUCTION ON THE PRESUMPTION OF INNOCENSE SHIFTED THE BURDEN OF PROOF TO THE DEFENDNANT IN VIOLATION OF THE DEFENDNAT'S CONSTITUTIONAL RIGHTS TO DUE PROCESS OF LAW GUARANTEED BY THE UNITED STATES CONSTITUTION, AMENDMENT FOURTEEN AND THE MASSACHUSETTS DECLARATION OF RIGHTS. ARTICLE TWELVE. THEREBY CREATING A SUBSTANTIAL RISK OF A MISCARRIAGE OF JUSTICE.

The judge's instruction that the presumption of innocense may begin to disappear when the Commonwealth begins to introduce evidence, and that during the trial, the presumption may grow less and less strong. failed to notify the jury that the defendant is presumed innocent throughout the entire trial, and the presumption remains until and unless the jury decides unanimously that the Commonwealth has proved the defendant guilty of each and every element of each charged offense beyond a reasonable doubt.

After instructing the jury that the Commonwealth was required to prove the defendant guilty beyond a reasonable doubt, the judge stated,

> It is only when the Commonwealth begins to introduce its evidence that this presumption in favor of innocense may begin to disappear. If the evidence against him goes in. the presumption may grow less and less strong but is for you to determine, based upon all of the evidence, whether or not the Commonwealth has overcome that presumption. (T. VI/54).

Appellant incorporates his argument(s) stated in his brief enclosed with the petition for habeas corpus.

8

**GROUND TWO**

Supporting facts (without citing cass or law)

>THE JURY INSTRUCTION ON THE EVALUATION OF EXPERT WITNESS TESTIMONY WAS ERRONEOUS AND SHIFTED THE BURDEN OF PROOF TO THE DEFENDANT, IN VIOLATION OF THE DEFENDANT"S CONSTITUTIONAL RIGHTS TO DUE PROCESS OF LAW GUARANTEED BY THE UNITED STATES CONSTITUTION, AMENDMENT FOURTEEN AND THE MASSACHUSETTS DECLARATION OF RIGHTS, ARTICLE TWELVE, THEREBY CREATING A SUBSTANTIAL RISK OF A MISCARRIAGE OF JUSTICE.

The judges's instruction to disregard the defendant's expert witness' testimony if the jurors found the assumptions upon which it was based were not proven, was erroneous and had the effect of shifting the burden of proof to the defendant to prove that he lacked the specific intent to commit the offenses, specifically, armed robbery.

The defense presented the expert testimony of Dr. Alan Brown, a clinical and forensic psychologist. Dr. Brown explained to the jury the concept of "malingering"; and the effect of crack cocaine, marijuana and alcohol, particularly in combination, on an individual's ability to form a specific intent. Dr. Brown testified that in his opinion, the defendant did not exhibit the characteristics of a person who is malingering. Assuming a person had ingested a large quantity of crack cocaine, marijuana and alcohol over an extended period of time, while lacking in food or sleep, Dr. Brown opined it would be unlikely that that person would be capable of forming a specific intent to rob or kill. Dr. Brown further opined, to a reasonable degree of medical certainty,

9

that that person's ability to think through problems, make rational choices, or rememberhis thoughts and actions would be impaired. Defense counsel based his hypotheticals on assumed facts presented during the defendant's testimony.

The judge instructed the jurors that they should disregard the expert's opinion,

> If you find the assumptions upon which it is based have not been proven. (T. VI/64).

The foregoing instruction is erroneous and had the effect of shifting the burden of proof to the defendant to prove that he lacked the specific intent to commit the offenses, specifically, armed robbery.

Appellant here also incorporates his brief previously submitted to the S.J.C.

**GROUND THREE**

Supporting facts (without citing cases or law)

> THE JUDGE ERRED IN FAILING TO GIVE THE JURORS A CURATIVE INSTRUCTION CONCERNING THE PURPOSE OF THE EXPERT WITNESS'S TESTIMONY AND THE EXPERT WITNESS'S TESTIMONY ON CROSSEXAMINATION FAILED TO SATISFY THE PROPER STANDARD, IN VIOLATION OF THE DEFENDANT'S CONSTITUTIONAL RIGHTS TO DUE PROCESS OF LAW GUARANTEED BY THE UNITED STATES CONSTITUTION, AMENDMENT FOURTEEN AND THE MASSACHUSETTS DECLARATION OF RIGHTS, ARTICLE TWELVE.

The judge erred in failing to instruct the jury that the purpose of the expert witness's opinion was not relevant to the issue of conciosness of guilt. Further, the judge erred in failing to strike the expert's opinions during cross examination because the opinions were not based on a reasonable degree of medical certainty.

In cross-examining Dr. Brown, after posing several hypotheticals comprised of assumed facts, the prosecutor asked Dr. Brown for his expert opinion concerning a person's capacity to plan something; whether such actions would be consistent with somebody who knew what he was doing; and consistent with an individual who understood what he had just done?

Trial counsel objected, but in the cited instances, was overruled. The judge failed to strike the expert's testimony which constituted evidence of consciousness of guilt, and she failed to provide a curative instruction during the prosecutor's cross examination of Dr. Brown.

**GROUND FOUR**

Supporting facts (without citing cases or law)

> THE PROSECUTOR IMPERMISSIBLY ASSUMED FACTS NOT IN EVIDENCE AND NOT INFERABLE FROM THE EVIDENCE, AND THAT HE KNEW WERE UNTRUE, WHEN QUESTIONING THE EXPERT WITNESS AND IN HIS CLOSING ARGUMENT; AND APPEALED TO THE JURY'S SYMPATHY, IN VIOLATION OF THE DEFENDANT'S CONSTITUTIONAL RIGHTS TO DUE PROCESS OF LAW GUARANTEED BY THE UNITED STATES CONSTITUTION, AMENDMENT FOURTEEN AND THE MASSACHUSETTS DECLARATION OF RIGHTS, ARTICLE TWELVE.

The prosecutor's deceptive hypothetical and closing argument urging the jury to consider that defendant wore a baseball hat as a disguise, to cover his scar; and that hetook a bag with him, evidencing his intent to rob the market was not supported by the evidence. Moreover, the prosecutor knew that the grand jury witnesses had testified that the defendant characteristically wore a bandana or baseball hat to cover the scar on his forehead. The judge contributed to the error by allowing the prosecutor to refer to the bag in his closing argument, despite the judge's ruling that the bag would not be admitted into evidence as an exhibit.

The prosecutor knowingly mislead the jurors concerning material matters. (the baseball hat and the bag).

The prosecutor in his opening and closing improperly and prejudicially appealed to the sympathy of the jury.

The combined effect of the errors require reversal.

**GROUND FIVE**

Supporting facts (without citing cases or law)

  BY FAILING TO OBJECT TO AND MOVE TO STRIKE CERTAIN ERRORS AT TRIAL, AND FAILING TO REQUEST CURATIVE INSTRUCTIONS, TRIAL COUNSEL, IN VIOLATION OF DEFENDANT"S RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE UNITEDSTATES CONSTITUTION, AMENDMENTS SIX AND FOURTEEN AND THE MASSACHUSETTS DECLARATION OF RIGHTS, ARTICLE TWELVE.

  Trial counsel rendered ineffective assistance of counsel by failing to object to erroneous and prejudicial jury instructions on the presumption of innocense and the use of assumed facts in questioning the expert witness; and failing to object an move to strike each of the prosecutor's references to the defendant's wearing a hat as evidence of his intent to disguise himself and the prosecutor's improper sympathy appeals.

  Trial counsel failed to object to the erroneous and prejudicial jury instructions on the presumption of innocense and the use of assumed facts in questioning the expert witness. If he had brought the errors to the judge's attention, it is likely she would have corrected them.

  Trial counsel failed to object and move to strike the prosecutor's reference to the defendant wearing a hat as evidence of his intent to disguise himself.

  Trial counsel also failed to object and move to strike the prejudicial sympathy appeals in the prosecutor's opening statement and closing argument.

13

**GROUND SIX**

Supporting facts (without cases or law)

>THE COURT SHOULD EXERCISE ITS POWER PURSUANT TO G.L.C. 278, SECTION 33E TO PREVENT A MISCARRIAGE OF JUSTICE.

The S.J.C. Court should had used its power pursuant to G.L. c. 278 section 33 to determine that the foregoing errors created a miscarriage of justice.

Each of the foregoing errors / grounds stated in this petition, all constitutionally based, go to the heart of the defense -- that based on his mental impairment caused by his consumption of alcohol, marijuana and crack cocaine, the defendant was unable to form the requisite mental state for armed robbery and, thereby, felony murder.

The erroneous jury instructions on the presumption of innocense and the evaluation of expert witness testimony were so central and prejudicial to the ultimate issues so as to erode substantial confidence that if the errors had not been made, the jury would have returned guilty verdicts.

14